SARAH MARKEY, CLAIMANT, APPELLANT, v. EUGENE A. BREWSTER, EXECUTOR, ETC., RESPONDENT.

*Services rendered by one member of a family to another — recovery for — when proper.*

Defendant's testatrix being taken sick, sent for the plaintiff, her daughter, who had a family of her own, with whom she resided, to come and take care of her. Plaintiff accordingly left her home and resided with and took care of the deceased for nearly four years, during which time the deceased frequently said that the plaintiff should be well rewarded therefor.

In an action brought to recover the value of such services, after the death of the testatrix, *held*, that it was not to be classed with the ordinary cases of services rendered by one member of a family to another, and that plaintiff was entitled to recover.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The action was brought by the plaintiff to recover the value of services rendered by her in nursing and taking care of her mother, the defendant's testatrix.

*Shafer & Hill*, for the appellant.

*Walter C. Anthony*, for the respondent.

BARNARD, P. J.:

The deceased was the mother of the plaintiff, but the plaintiff had a family of her own, and lived with her family some miles from the deceased. The deceased, on being taken sick and helpless, sent for her daughter, the plaintiff, to come at once and take care of her. This was in 1869. The plaintiff substantially gave all her time to nursing and taking care of her mother for the four years following. The deceased is proven to have repeatedly said during those four years "that plaintiff should be well rewarded;" " that she should receive a fair compensation or reward for her ser-·vices;" "that she (deceased) would see she (plaintiff) was well paid for it (her services);" "that she intended to see the claimant paid;" "that she shall be well paid for it." Some of these declarations were made in the presence of plaintiff. There is nothing in the evidence tending to show that such compensation to plaintiff was to be made by will. Proof was offered by plaintiff to show that she received nothing under the will of the deceased, which was excluded. If such had been the understanding, and the same had not been complied with, an action at law for the value of the services could have been maintained. (*Robinson* v. *Raynor*, 28 N. Y., 494.) In the absence of proof showing a design to compensate by will, we think the action sustainable. The plaintiff was not a member of the family of deceased at the time of her employment by deceased. She was living in her own household. She never legally ceased to be a member of her own household, although absent at her mother's, under her mother's employment. The deceased repeatedly promised plaintiff should be paid. This case is not one to be classed with those cases where the services are to be gratuitous, as having been rendered by one member of the same family and household for another.

Judgment reversed and new trial granted, costs to abide event.

GILBERT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.